ORIGINAL

Anna Y. Park, CA SBN 164242
Michael J. Farrell, CA SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Gregory L. McClinton, SBN 153553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Honolulu Local Office
300 Ala Moana Blvd, 7-127
Honolulu, Hawaii 96850
Telephone: (808) 541-3123
Facsimile: (808) 541-3390
E-Mail: Gregory.Mcclinton@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 29 2010

at 9 o'clock and 45 min. __ M.
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EAST HAWAII VETERINARY CENTER, LLC, and Does 1 – 10 Inclusive,<br><br>Defendants. | Case No.: CV10 00559 DAE LEK<br><br>**COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION; SUMMONS**<br><br>**(42 U.S.C. §§ 2000e *et seq.*)**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party Tracy Mays and other similarly situated individuals who were adversely affected by such practices. As stated with greater particularity in Paragraph 13 below, Plaintiff EEOC alleges that East Hawaii Veterinary Center, LLC and DOES 1-10 (hereinafter collectively referred to as "Defendants") subjected Ms. Mays and similarly situated females to unlawful employment practices on the basis of their sex, female. More specifically, the Commission alleges that Defendants violated Title VII when they subjected Ms. Mays and other similarly situated females to unwelcome sexual harassment and sex-based harassment which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile, abusive work environment. EEOC further alleges that Defendants violated Title VII when they subjected Ms. Mays and similarly situated employees to discharge or constructive discharge because of their sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## **PARTIES**

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have continuously been Hawaii corporations doing business in the State of Hawaii, in Hawaii County. Defendants are a veterinary clinic located in Hilo, Hawaii.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendants have continuously employed fifteen (15) or more persons.

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, including Defendants DOES 1 to 10, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by fictitious names. Plaintiff reserves the right

to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONDITIONS PRECEDENT

9. More than thirty days prior to the institution of this lawsuit, Tracy Mays ("Charging Party") filed a charge of discrimination with the Commission alleging that Defendants violated Title VII.

10. Prior to the institution of this lawsuit, the Commission issued a Letter of Determination finding reasonable cause to believe that that Charging Party and similarly situated individuals were subjected to sexual harassment and sex based harassment and discharged, or constructively discharged, because of their sex (female).

11. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendants' voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least 2005, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Charging Party and similarly situated individuals to unwelcome sexual and gender-based harassment which was sufficiently severe and

pervasive to create a hostile work environment for female employees. Defendants also engaged in unlawful employment practices in violation of Section 703(a) of Title VII when they discharged or constructively discharged Charging Party and similarly situated female employees because of their sex.

        a.    At all relevant times, Defendants have been located in Hilo, Hawaii.

        b.    A Co-Owner of the Defendants' subjected Charging Party and similarly situated female employees to a sexually hostile work environment and egregious sex-based harassment. The harassing conduct was frequent and includes sexually vulgar and offensive comments about women's appearance and sex. Specifically, Defendants' Co-Owner frequently showed his contempt for female employees by referring to them as "cunt," "bitches," "whore," "idiot," "dumb," "worthless," and "ugly". He told a female employee to "wipe the pussy juice up off the floor and get back to work," and openly referred to another female's fertility treatment as "as getting a 'straw put in her pussy'". He told one female employee that her "breasts were big and bounced like balls," and referred to another's nursing her infant child as "pump[ing] milk from her titties." He once accompanied his guitar playing with songs containing lyrics he created about specific female employees "fucking," while he called them "bitches" and "whores." The Co-Owner instructed a female employee to "step to the animal and use [her] breasts to hold it down." He also repeatedly admonished female employees not to use their children as excuses for leaving work or missing work. The Co-Owner did not treat male employees in any of these sexual or demeaning ways.

        c.    The sexual conduct was unwelcome by Charging Party and similarly situated female employees.

        d.    The sexual conduct was sufficiently severe and pervasive to alter the conditions of employment to constitute a hostile work environment as

perceived by Charging Party and similarly situated individuals and by any reasonable person in their circumstances. Specifically, the harassment was severe as it included sexually graphic, vulgar and highly offensive derogatory remarks toward women. It was pervasive as it occurred very frequently in Defendants' workplace.

   e. Further, Defendants failed to exercise reasonable care to prevent and correct promptly the unlawful harassing behavior. Defendants failed to stop the sexual and gender-based harassment, despite the fact that another of Defendants' Co-Owners witnessed the harassing conduct and also knew of the harassment as a result of the complaints of female employees

   f. The harassing official is a Co-Owner of the Defendants and is a proxy for East Hawaii Veterinary Clinic and Defendants.

   g. The sexual and gender-based hostile work environment, and Defendants' continuing refusal to take effective remedial action, rendered the working conditions so intolerable that Defendants subjected female employees to constructive discharge. Certain of Defendants' female employees felt compelled to resign, as any reasonable person would do in their circumstance. The harassment involved sexually demeaning criticism about female employees' work performance such that the constructive discharges amounted to a tangible adverse employment action. The offending Co-Owner frequently bragged about his skill to drive women from the workplace saying he never had to terminate anyone because he could make their "life so miserable" that they "would quit."

   h. Defendants accompanied the sexual and gender-based harassment of Charging Party and/or other similarly situated individuals culminated with their unlawful discharge based on sex.

  14. The effect of the practices complained of in paragraph 13 above has been to deprive Charging Party and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as

employees, because of their sex.

15. The unlawful employment practices complained of in paragraph 13 above were intentional within the meaning of § 706(g)(1) of Title VII, 42 U.S.C. §§ 2000e-5(g)(1).

16. The unlawful employment practices complained of in paragraph 13 above were intentional and caused Charging Party and similarly situated individuals to suffer emotional distress.

17. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly situated individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, from engaging in subjecting female employees to unwelcome, sexually graphic and vulgar sexual harassment and gender-based harassment and any other employment practice which discriminates on the basis sex.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Charging Party and similarly situated individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place reinstatement or front pay in lieu thereof.

D.  Order Defendants to make whole Charging Party and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, in amounts to be determined at trial.

E.  Order Defendants to make whole Charging Party and similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including, but not limited to, emotional pain and suffering, inconvenience, humiliation, frustration and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order Defendants to pay Charging Party and similarly situated individuals punitive damages for their malicious and reckless conduct described in paragraph 13 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

///

///